DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, David L. Shook, appeals from his conviction in the Akron Municipal Court. This Court affirms.
 I. {¶ 2} Appellant was convicted of violating A.C.C. 133.07 which prohibits engaging in sexual activity for hire. At his trial, testimony was given by Officer Robert Horvath of the Akron Police Department, Samantha Miskewicz, a known prostitute, and Appellant.
 {¶ 3} Officer Horvath testified as follows. He and his partner were patrolling an area known for prostitution on September 2, 2004. At approximately 1:30 a.m., Officer Horvath noticed a newer car parked in a lot which he knew usually contained junk cars. As a result, Officer Horvath shined his spotlight into the car and saw Appellant in the driver's seat of the car. At that time, Officer Horvath saw another person's head in Appellant's lap. Upon approaching the vehicle, Officer Horvath identified the other individual as Ms. Miskewicz, a woman he had previously arrested for prostitution.
 {¶ 4} Ms. Miskewicz in turn testified that Appellant had agreed to pay her thirty dollars for oral sex and had actually paid her the money before she began to perform oral sex on him. Her testimony was contradicted by Appellant who testified as follows. He mistook Ms. Miskewicz for a former high school friend and offered to give her a ride. After she entered the vehicle, he suddenly realized that she was not his high school friend. However, as they were in a bad neighborhood, he offered to take her home. Then, according to Appellant, Ms. Miskewicz instructed Appellant to pull into a parking lot, began fondling him, unzipped his pants, and began to perform oral sex him. Appellant further states that he instructed Ms. Miskewicz to stop what she was doing within a couple seconds and that he had never discussed or promised to pay her money for oral sex.
 {¶ 5} At the conclusion of the evidence, the trial court found Appellant guilty of prostitution in violation of A.C.C. 133.07. Appellant timely appealed his conviction, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR
"The decision of the trial court finding the defendant guilty of the offense of prostitution was against the manifest weight of the evidence."
 {¶ 6} In his sole assignment of error, Appellant argues that his conviction was against the manifest weight of the evidence. We disagree.
 {¶ 7} When a defendant asserts that his conviction is against the manifest weight of the evidence,"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 8} In the instant matter, Appellant was convicted of violating A.C.C. 133.07(A) which provides as follows: "No person shall engage in sexual activity for hire." In support of his argument, Appellant asserts he testified that he never agreed to pay Ms. Miskewicz and that no testimony was given that the police recovered any money from Ms. Miskewicz. However, Ms. Miskewicz testified that she did receive the thirty dollars from Appellant in return for oral sex. Further, there is no dispute that Ms. Miskewicz was performing oral sex on the Appellant at the time Officer Horvath approached the vehicle. Additionally, the State provided evidence that the event took place in an area known for prostitution.
 {¶ 9} In a bench trial, "the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80. As such, we will not overturn a conviction as against the manifest weight of the evidence simply because conflicting evidence was presented and the trial court chose to believe the State's evidence. State v. Merryman, 9th Dist. No. 02CA008109, 2003-Ohio-4528, at ¶ 28. As evidence was presented by the State that Appellant paid for oral sex, we cannot say that the trial court lost its way in finding Appellant guilty of engaging in sexual activity for hire. Accordingly, Appellant's sole assignment of error is overruled.
 III. {¶ 10} Appellant's sole assignment of error is overruled. The judgment of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. Whitmore, J. concur.
(Reader, J., retired, of the Fifth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)